UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SERGEY VOYCHUK,

        Plaintiff,

  v.

STATE OF CALIFORNIA and JEFF GEORGE,

        Defendants.

2:05-CV-2007-MCE-GGH

MEMORANDUM AND ORDER

----oo0oo----

Through the present action, Plaintiff Sergey Voychuk ("Voychuk") claims that Defendants State of California and California Highway Patrol Officer Jeff George ("George") (collectively "Defendants") violated his civil rights as well as caused him physical and emotional injury by using excessive force to effect his arrest. Specifically, Plaintiff alleges federal claims under the Civil Rights Act of 1871 ("Section 1983"), 42 U.S.C. § 1983 and state claims for personal injury and intentional infliction of emotional distress.

///

///

1

Defendants now seek to have this proceeding stayed until the completion of Voychuk's state criminal proceedings. For the reasons set forth below, Defendants' motion is granted.[1]

**BACKGROUND**

On October 2, 2004, Officer George and his partner, Amy Escatel, signaled Voychuk to pull over for a possible vehicle code violation. Rather than stopping as instructed, Voychuk allegedly fled from the officers leading them on a high speed vehicle chase. Ultimately, the chase concluded when Voychuk entered a cul-de-sac followed by two patrol vehicles. The officers immediately directed him to exit his vehicle. The subsequent events are hotly contested, however, it is clear Officer George discharged his service weapon striking Voychuk in the back rendering him permanently paralyzed.

On November 16, 2004, a complaint was filed in the Superior Court of California, County of Sacramento ("State Proceeding") charging Voychuk with felony fleeing, assault with a deadly weapon, driving under the influence of alcohol and driving with a suspended license. On August 11, 2005, Voychuk filed a civil complaint for personal injuries in the Superior Court of California, County of Sacramento. That action was removed to this Court and is the subject of the present motion.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

**ANALYSIS**

As noted above, Defendants move to stay the present action on the ground that the Court should abstain from adjudicating this matter pursuant to the *Younger* doctrine. In *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 431, 73 L. Ed. 2d 116, 102 S. Ct. 2515 (1982)). "Abstention is required when: (i) the state proceedings are ongoing; (ii) the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions." *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003).

Both Parties concede, and the Court concurs, that the first two prongs of the *Younger* doctrine are satisfied in the case at bar. Specifically, the State Proceeding is ongoing and implicates important state interests. The Parties diverge, however, on whether the third *Younger* prong has been satisfied. Voychuk avers he will have no opportunity to litigate his federal claims in the State Proceedings precluding a finding that *Younger* abstention applies. Conversely, Defendants argue that Voychuk not only can assert his federal excessive force claim in the parallel State Proceeding, he is in fact doing so. Def. Reply, p. 2. For the reasons set forth below, the Court agrees with Defendants.

As an initial matter, the Ninth Circuit has explained that *Younger* requires only the absence of procedural bars to raising a federal claim in the state proceedings." *Comm. Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1015 (9th Cir. 1999); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14, 95 L. Ed. 2d 1, 107 S. Ct. 1519 (1987). *Younger* abstention "presupposes the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved." *Gibson v. Berryhill*, 411 U.S. 564, 577, 36 L. Ed. 2d 488, 93 S. Ct. 1689 (1973).

Defendants correctly observe that there are no procedural bars to Voychuk raising his claim that Officer George used excessive force while effecting Voychuk's arrest. In fact, Voychuk is free to defend against certain of the charges in the State Proceeding by alleging a claim of excessive force.[2] Specifically, counts Two, Three, Four and Five of the complaint in the State Proceeding charge Voychuk with violating California Penal Code section 245(c), assault with a deadly weapon on a peace officer. An element of proof for that charge is that the assault occur while the peace officer "is engaged in the performance of his or her duties." Cal. Penal Code § 245(c). However, to be "engaged in the performance of his or her duties," an officer must be lawfully performing those duties during commission of the offense.

---

[2] Indeed, it appears Voychuk is raising this precise issue in defense of the charges against him. Specifically, he argues in his Motion for Disclosure of Peace Officer Personnel Records that "Officer George used excessive force thereby making the arrest illegal and otherwise improper." Supplemental Request for Judicial Notice, Exhibit G, p. 5:4-5.

4

*People v. Olguin*, 119 Cal. App. 3d 39, 46 (Cal. Ct. App. 1981). An officer using excessive force during an arrest is not engaged in the lawful performance of his duties. *Id.* Because there are no procedural bars to raising his claim of excessive force in the State Proceeding and because Voychuk can, in fact, raise his claim of excessive force in the State Proceeding, the third prong of *Younger* is satisfied.

Given the Court's determination that *Younger* principles apply to this action, the next consideration is whether adjudication of Voychuk's claims would enjoin the State Proceeding or have the practical effect of doing so. *Gilbertson*, 381 F.3d at 978. Defendants allege that adjudication of Voychuk's constitutional claims in this forum would have the practical effect of enjoining the State Proceeding because, in addition to the defense of excessive force discussed above, George has raised the defense of qualified immunity to Voychuk's federal claims. Again, the Court agrees with Defendants.

To determine whether a federal defendant is entitled to qualified immunity, the district court must first decide whether a constitutional violation has occurred. *See Saucier v. Katz*, 533 U.S. 194, 150 L. Ed. 2d 272, 121 S. Ct. 2151 (2001) (holding that the first step in qualified immunity analysis is to determine whether the conduct complained of violates the Constitution). By deciding whether Officer George violated Voychuk's constitutional rights in employing excessive force during Voychuk's arrest, the Court would be passing upon a constitutional issue that is squarely before the state court.

///

1  Engaging in such a determination would cast a negative light on
2  the state court's ability to enforce constitutional principles
3  and put the federal court in the position of prematurely or
4  unnecessarily deciding a question of federal constitutional law.
5  *Gilbertson*, 381 F.3d at 979-980.  In that way, a determination
6  that Voychuk's constitutional rights were violated would be just
7  as intrusive as a declaratory judgment.  *Id.*

8      When damages are sought and *Younger* principles apply, it
9  makes sense for the federal court to refrain from exercising
10 jurisdiction temporarily by staying the proceedings until such
11 time as the state proceeding is no longer pending.  *Id.*  By
12 staying the proceedings, the Court protects both Voychuk's right
13 to seek damages for constitutional violations in the forum of his
14 choice and California's right to dispense justice through its own
15 system without federal interference.

**CONCLUSION**

19     Because the principles of *Younger* apply to the case at bar,
20 this Court refrains from exercising its jurisdiction over
21 Voychuk's claims until the State Proceeding is no longer pending.
22     IT IS SO ORDERED.
23 DATED: March 21, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE